UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. FREITAS,<br><br>    Plaintiff,<br><br>v.<br><br>NOEL WISE, et al.,<br><br>    Defendants. | Case No. 21-cv-08176-JD<br><br>**ORDER**<br><br>Re: Dkt. Nos. 1, 3, 8, 9, 10 |

Pro se plaintiff John Freitas filed a complaint and an application for leave to proceed in forma pauperis (IFP). Dkt. Nos. 1, 3. The IFP application is granted, and the complaint is dismissed with leave to amend.

IFP requests are evaluated under 28 U.S.C. § 1915. The first question is whether the plaintiff's financial status excuses payment of the court's filing fees. The answer is yes. Freitas states that he is unemployed, and pays monthly expenses of $800 out of a monthly Social Security benefit of $1,000, which is his sole source of income. Dkt. No. 3. Freitas meets the financial qualifications for IFP status.

The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(3)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, Freitas "gets a liberal construction of his complaint and the benefit of any doubts, but he still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim." *Nordin v. Scott*, No. 3:21-CV-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021).

1       The complaint does not satisfy these requirements. Freitas sued a California superior court judge, Alameda County, and the State of California, for damages and injunctive relief under 42 U.S.C. § 1983 for alleged due process and equal protection claims, among others. Dkt. No. 1. The claims appear to arise in connection with a residential foreclosure matter, but the oversize complaint, which is more than 100 pages in length with attachments, is not entirely clear.

      The state court judge is absolutely immune from suit for judicial actions undertaken in the course of her official duties in connection with a case, unless the judge acted outside her judicial capacity or in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*); *Nordin*, 2021 WL 4710697, at *1 (citing *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)). This is true "however erroneous the act may have been," "however injurious in its consequences it may have proved to the plaintiff," and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (internal quotations marks omitted). The Court emphasizes that nothing in the record even remotely suggests that the state court judge acted in such a fashion. The observation is intended purely to underscore the breadth of judicial immunity. In addition, judges are specifically immune to damages claims, *see Wyatt v. Cole*, 504 U.S. 158, 164-65 (1992), and Section 1983 permits an injunction in extremely limited circumstances not present here, *see Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004). To the extent the complaint can be apprehended, the state court judge here performed well within the scope of her judicial duties, and so immunity applies.

      For the State of California, "a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

      For Alameda County, the complaint does not allege facts plausibly demonstrating a pattern or practice for Section 1983 purposes. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Prebilich v. City of Cotati*, No. 3:21-CV-02380-JD, 2021 WL 5964597, at *1 (N.D. Cal. Dec. 16, 2021).

      Consequently, the complaint is dismissed. Freitas may file an amended complaint by May 9, 2022, that is consistent with this order. No new parties may be added without the Court's prior consent. A failure to comply with these requirements will result in dismissal with prejudice under

Federal Rule of Civil Procedure 41(b).  The request for judicial notice, Dkt. No. 2, is denied, and the Court did not consider any of those materials.  The motions for default judgment, Dkt. Nos. 8, 9, and 10, are terminated as moot.  Freitas is advised that his motion filings did not conform to the Civil Local Rules or the Court's standing orders.  All non-conforming filings in the future will be summarily terminated without further consideration, and Freitas may not be allowed to file revised submissions.

**IT IS SO ORDERED.**

Dated:  April 22, 2022

JAMES DONATO
United States District Judge