1

2

3

4          UNITED STATES DISTRICT COURT

5        NORTHERN DISTRICT OF CALIFORNIA

6

7    JOHN B. FREITAS,                          Case No.  21-cv-08176-JD

8                    Plaintiff,

9            v.                                **ORDER REVOKING PLAINTIFF'S IN
                                               FORMA PAUPERIS STATUS**
10   NOEL WISE, et al.,

11                  Defendants.

12          In John Freitas's pending appeal, the Ninth Circuit made a limited referral back to this

13   Court to determine whether a prior grant of in forma pauperis (IFP) status should continue, or

14   whether the appeal is frivolous or taken in bad faith.  Dkt. No. 18.

15          An indigent party who cannot afford the expense of pursuing an appeal may file a motion

16   for leave to proceed in forma pauperis.  Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1).  Pursuant

17   to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to

18   appeal in forma pauperis must file a motion in the district court."  The party must attach an

19   affidavit that (1) shows in detail "the party's inability to pay or to give security for fees and costs,"

20   (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on

21   appeal."  Fed. R. App. P. 24(a)(1).  But even if a party provides proof of indigence, "[a]n appeal

22   may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good

23   faith."  28 U.S.C. § 1915(a)(3).  An appeal is in "good faith" where it seeks review of any issue

24   that is "non-frivolous."  *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  An

25   issue is "frivolous" if it has "no arguable basis in fact or law."  *See O'Loughlin v. Doe*, 920 F.2d

26   614, 617 (9th Cir. 1990).

27          This appeal is frivolous.  Freitas sued a California superior court judge, Alameda County,

28   and the State of California, under 42 U.S.C. § 1983 for alleged due process and equal protection

*United States District Court
Northern District of California*

1    violations in connection with a residential foreclosure matter.  As the Court concluded in the first

2    order dismissing the complaint, a state is not a person within the meaning of Section 1983, and

3    Freitas did not come close to alleging facts that might plausibly state a claim against a sitting

4    judge, or that Alameda County engaged in a pattern or practice of misconduct for Section 1983

5    purposes.  *See* Dkt. No. 11.  In response to the Court's grant of leave to amend, Freitas filed a 600-

6    page amended complaint that, to the extent intelligible, repeated the same deficient allegations,

7    without meaningful additions or modifications.  Dkt. No. 12.  The Court filed a second order

8    dismissing all of the Section 1983 claims with prejudice.  Dkt. No. 15.

9         The one new thing in the amended complaint was an ostensible racketeering claim against

10   defendants under the RICO statute, 18 U.S.C. § 1962.  The conclusory and wholly speculative

11   allegations for this claim fell far short of the pleading requirements of Federal Rules of Civil

12   Procedure 8 and 9(b), and did not plausibly allege any of the essential elements of a civil RICO

13   claim.  *See* Dkt. No. 15.  The Court dismissed the RICO claim with prejudice because it was a

14   lock that amendment would not cure the deficiencies.  *Id.*

15        Consequently, despite multiple opportunities, Freitas has not stated any claims that have

16   even an arguable basis in fact or law.  IFP status is revoked.  The Clerk is requested to forward

17   this order to the Ninth Circuit in Case No. 22-16314.

18        **IT IS SO ORDERED.**

19   Dated:  September 1, 2022

21   _____

22   JAMES DONATO
     United States District Judge

23

24

25

26

27

28

2